**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------

**FELIPE PEREZ,**

                      Plaintiff,        17-cv-5200 (JGK)

         - against -             **MEMORANDUM OPINION AND ORDER**

**CAPTAIN STANLEY, ET AL.,**

                      **Defendants.**

------------------------------------------

**JOHN G. KOELTL, District Judge:**

The pro se plaintiff, Felipe Perez, brings this action against the defendants, employees of the City of the New York. The plaintiff alleges that the defendants violated his constitutional rights approximately ten times while he was incarcerated on Rikers Island and at the Manhattan Detention Complex. Several defendants move for summary judgment arguing that the plaintiff signed a general release of liability that bars him from pursuing his claims.[1] Two defendants filed a separate motion for summary judgment.[2] However, all the defendants make the same arguments in their motions. For the reasons explained below, the defendants' motions for summary judgment are **granted**.

---

[1] These defendants are: Assistant Deputy Warden Douglas, Assistant Deputy Warden Martinez, Captain Stanley, Captain Baugh, Correction Officer Castro, Correction Officer Young, Correction Officer Wilson, and Correction Officer Mayo. At the request of the counsel for these defendants, the Court allows Captain Rivera, Captain Williams, Correction Officer Cruz, Correction Officer Aponte, Correction Officer Caesar, Correction Officer Carelli, and Correction Officer Anacacy to join this motion for summary judgment.

[2] These defendants are: Correction Officer Jasmine Roberts and Correction Officer Diante Leon.

**I.**

The following facts are undisputed unless otherwise noted.

The plaintiff is an inmate who was incarcerated on Rikers Island and at the Manhattan Detention Complex at all relevant times. Nunez-Figueroa Decl. Ex. A at 7-19. On February 7, 2017 and February 15, 2017, the plaintiff filed personal injury claims with the City of New York Office of the Comptroller. City Defs.' 56.1 ¶ 2. The plaintiff claimed that on November 29, 2016 he was assaulted by an officer and suffered a fractured hand. Id.; Castro Decl. Ex. B.

On February 20, 2018, the parties settled the plaintiff's claims stemming from the November 29, 2016 incident. City Defs.' 56.1 ¶¶ 4-5. Pursuant to the settlement agreement, the plaintiff received $7,500 in exchange for signing a general release of liability. Id. at ¶¶ 5-6. The release states that the plaintiff:

> forever discharges the City of New York, and all past and present . . . employees . . . of the City of New York, . . . from any and all liability, claims, or rights of action alleging a violation of civil rights and any and all claims, causes of action, suits, administrative proceedings . . . known or unknown, . . . which [the plaintiff] . . . had, now has or hereafter can, shall, or may have . . . against the [City of New York and any of its employees] for, upon or by reason of any matter, cause or thing whatsoever that occurred through [February 20, 2018].

Nunez-Figueroa Decl. Ex. E at 1. The release was notarized after the plaintiff signed it on February 20, 2018. Id. at 2. The

2

plaintiff was represented by counsel when he signed the release. Nunez-Figueroa Decl. Exs. C, D; City Defs.' 56.1 ¶ 3. The release also states, "[t]he undersigned has read the foregoing release and fully understands it." Nunez-Figueroa Decl. Ex. E at 2.

On July 10, 2017, the plaintiff filed the complaint in this case. Dkt. No. 2. The plaintiff alleges that the defendants violated his civil rights by assaulting him on a variety of occasions in 2015 and 2016. Nunez-Figueroa Decl. Ex. A at 7-19. The plaintiff's claims allege use of excessive force, deliberate indifference to serious medical needs, failure to protect, failure to intervene, and deliberate indifference to conditions of confinement. Id.; City Defs.' 56.1 ¶ 1.

Various defendants filed motions for summary judgment on December 27, 2018 and December 28, 2018. The plaintiff was ordered to respond to the motions by February 1, 2019. Dkt No. 64. The motions contained the necessary notice, pursuant to Local Civil Rule 56.2, to a pro se litigant with regard to responding to a motion for summary judgment. Dkt No. 80. After an initial extension that the plaintiff did not receive, the Court extended the plaintiff's time to respond to the motions to October 19, 2019. Dkt No. 101. No response to the motions has been received and the time for filing any response has passed.

**II.**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Gallo v. Prudential Residential Servs. L.P., 22 F.3d 1219, 1223 (2d Cir. 1994). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." Gallo, 22 F.3d at 1224. The moving party bears the initial burden of "informing the district court of the basis for its motion" and identifying the matter that "it believes demonstrate[s] the absence of genuine issue of material fact." Celotex, 477 U.S. at 323. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Summary judgment is improper if there is any evidence in the record from

any source from which a reasonable inference could be drawn in favor of the nonmoving party. See Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 37 (2d Cir. 1994). If the moving party meets its burden, the nonmoving party must produce evidence in the record and "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible." Ying Jing Gan v. City of New York, 996 F.2d 522, 532 (2d Cir. 1993).

Courts should afford pro se litigants "special solicitude" on motions for summary judgment. See Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988); Ruotolo v. I.R.S., 28 F.3d 6, 8 (2d Cir. 1994) (per curiam). Courts should "read the pleadings of a pro se plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)); see Monterroso v. Sullivan & Cromwell, LLP, 591 F. Supp. 2d 567, 577 (S.D.N.Y. 2008) (noting that courts should read the pleadings, briefs, and oppositions from a pro se plaintiff liberally). This liberal pleading standard, however, "does not relieve plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment." Jorgensen v. Epic/Sony Records, 351 F.3d 46, 50 (2d Cir. 2003). "[A] pro se party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion

5

for summary judgment." Lee v. Coughlin, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (Sotomayor, J.) (quoting Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991)); see also Carter v. Ponte, No. 17-CV-1830 (VSB), 2018 WL 4680995, at *4 (S.D.N.Y. Sept. 28, 2018).

## III.

The February 20, 2018 release bars the plaintiff's claims in this case. The terms of the release are clear and unambiguous. "Under New York law, a release that is clear and unambiguous on its face and which is knowingly and voluntarily entered into will be enforced." Pampillonia v. JR Nabisco Inc., 138 F.3d 459, 463 (2d Cir. 1998). Interpreting an unambiguous contract is a matter of law, making summary judgment an appropriate means to resolve this case. See, e.g., Seiden Assoc., Inc. v. ANC Holdings, Inc., 959 F.2d 425, 429 (2d Cir. 1992). Language releasing the City and employees from any and all claims up to the date of the release "has routinely been held to bar claims brought in a separate action that is not the subject of the settlement, as long as those claims were brought prior to the date of the release." Smith v. City of New York, No. 12 Civ. 3303 (CM), 2013 WL 5434144, at *5 (S.D.N.Y. Sept. 26, 2013); see also Roberts v. Doe 1, No. 14 Civ. 9174 (AJP), 2015 WL 670180, at *5 (S.D.N.Y. Feb. 17, 2015) (collecting cases).

6

The plaintiff alleges that the defendants violated his civil rights by assaulting him on various occasions in 2015 and 2016. The release was signed on February 20, 2018 and provided that the plaintiff released the City and its employees from any claims "alleging a violation of [his] civil rights." Nunez-Figueroa Decl. Ex. E at 1. Because the release expressly provides that it includes incidents that occurred through the date it was signed, the violations alleged in the complaint are covered by the release.

In Carter, a plaintiff signed a release containing the same language as the release that the plaintiff signed in this case. See 2018 WL 4680995, at *2. The court found that the release "plainly bars Plaintiff from bringing any future claims or causes of action against the City of New York or any of its officers for any civil rights claims arising prior to the date it was executed." Id. at *5. The Court held that the release, which was signed in April, 2017, barred the plaintiff's claims that arose out of an incident in February, 2015. Id.

There is nothing to indicate that the plaintiff, represented by counsel, did not knowingly and willingly enter into the release. The fact that the plaintiff was represented by counsel underscores the validity of the release. See Gracia v. City of New York, No. 16-CV-7329 (VEC), 2017 WL 4286319, at *3 (S.D.N.Y. Sept. 26, 2017) (finding that the plaintiff should

have understood the scope of a general release because she was represented by counsel).

Therefore, the plaintiff's claims in this case are barred by the release. The defendants' motions for summary judgment are granted and the plaintiff's claims are **dismissed with prejudice.**

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, the defendants' motions for summary judgment are **granted** and the plaintiff's complaint is **dismissed with prejudice**. The Clerk is directed to enter judgement dismissing this action with prejudice. The Clerk is also directed to close all pending motions and to close this case.

**SO ORDERED.**

**Dated:    New York, New York**
**          November 30, 2019**

_____/s/_____
**John G. Koeltl**
**United States District Judge**